UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:

    RICHARD J OTTIMO
    and JOYCE A OTTIMO

Case No. 02-87442 mlc

Chapter 7

------------------------------------------------------------------x

PHILIP EVANS,

                      Plaintiff,

    -against-

RICHARD OTTIMO a/k/a RICHARD J. OTTIMO,
    JOYCE A. OTTIMO a/k/a JOYCE OTTIMO a/k/a
JOYCE DECARLO-OTTIMO,

                      Defendants.

Adv. Proc. No. 03-8017-511

Honorable
Melanie L. Cyganowski

------------------------------------------------------------------x

**STATEMENT OF MATERIAL FACTS, PURSUANT TO LOCAL RULE 7056-1**

Plaintiff, Philip Evans, by and through his attorneys, Sokolski & Zekaria, P.C., pursuant to Rule 7056-1 of the Local Rules of this Court, hereby state the following material facts as to which there is no genuine issue for purposes of Plaintiff's Motion for Summary Judgment:

1. On or about April 28, 1997, Plaintiff Philip Evans brought an action against Defendants in the New York State Supreme Court, County of Suffolk ("State action"). *See generally* April 28, 1997 Verified Complaint ("Verified Complaint"), annexed as Exhibit A to Declaration in Support of Plaintiff's Motion for Summary Judgment ("Declaration in Support") as **Exhibit A**.[1]

2. At all times relevant herein, Defendants have and still reside at 5 Hidden Pines

---

[1] For purposes of this factual statement and the instant motion, all bold references to "**Exhibits**" refer to the exhibits annexed to the Declaration in Support of Plaintiff's Motion for Summary Judgment.

1

Drive, Bohemia, New York 11716.  *See* Schedule A of Defendants' Bankruptcy Petition, **Exhibit C** to Declaration In Support.

3. At all times relevant herein, Defendant Joyce Ottimo a/k/a Joyce DeCarlo-Ottimo was the President, Chairperson and/or Chief Executive Officer of J-Ran Carriers, Inc. *See* Verified Complaint, at 7; *see also* NYS Department of State Division of Corporations Entity Information, **Exhibit D** to Declaration In Support.

4. On May 23, 1997, at 3:28 p.m., Defendant Joyce Ottimo a/k/a Joyce DeCarlo-Ottimo was served at 5 Hidden Pines Drive, Bohemia, New York 11716 by Keith Swensen, an employee of Interboro Attorney Service Corporation ("process server"), on her own behalf personally, and as suitable age and discretion service to Defendant Richard Ottimo, and as a corporate officer and/or authorized party of J-Ran Transportation, Inc. *See* Affidavits of Service, annexed as **Exhibit E** to Declaration in Support, at 2-4. On May 27, 1997 an additional mailing was made to Richard Ottimo at his home, 5 Hidden Pines Drive, Bohemia, New York 11716 by the process server. *See* Affidavits of Service, annexed as **Exhibit E** to Declaration in Support, at 2.

5. On June 6, 1997 at 4:07 p.m., Defendant Joyce Ottimo a/k/a Joyce DeCarlo-Ottimo was served at 5 Hidden Pines Drive, Bohemia, New York 11716 by Keith Swensen, an employee of Interboro Attorney Service Corporation ("process server"), as a corporate officer and/or authorized party of J-Ran Carriers, Inc. *See* Affidavits of Service, annexed as **Exhibit E** to Declaration in Support, at 1.

6. Defendants defaulted on their own behalf and on behalf of the corporations served in the State action, have failed to appear or answer. See December 1, 1997 Inquest Hearing and Decision, annexed as **Exhibit F** to Declaration in Support ("Inquest"), at 5.

7. After Defendants were served with the Summons and Complaint in the State action, Richard Ottimo visited the office of Plaintiff's attorney, Jeffrey G. Lerman, Esq., in a fruitless attempt to resolve the matter. Inquest, **Exhibit F**, at 4-6.

8. After Defendants defaulted, all of the State action Defendants were served by mail on October 27, 1997 with a Notice of Settlement of a Statement for Judgment for Plaintiff's eighth cause of action for anticipatory breach of Defendants/Debtors' personal guarantees of a loan made by Plaintiff to J-Ran Carriers, Inc. *See* Notice of Settlement with Affidavit of Service, annexed as **Exhibit G** to Declaration in Support; *see also* Inquest, **Exhibit F**, at 2-4. Plaintiff's attorney in the State action also served Defendants with a separate letter informing them of an Inquest on December 1, 1997, but Defendants failed to respond. Inquest, **Exhibit F**, at 3.

9. The Plaintiff's Complaint alleged, *inter alia*, that Plaintiff made an investment contract with Defendants/Debtors for investment in Defendants/Debtors' corporation, J-Ran Carriers, Inc. *See* Verified Complaint, at 5-8. The Verified Complaint alleged that Defendants/Debtors engaged in, *inter alia*: a) Defendants' tortious interference with the contract between J-Ran Carriers, Inc. and Plaintiff, by transferring revenues and/or assets from the corporation to themselves and another corporation for the purpose of maliciously interfering with J-Ran Carriers, Inc. contractual duties owed to Plaintiff and depriving J-Ran Carriers, Inc. of the ability to fulfill its contractual duties to the Plaintiff, b) Richard Ottimo's conversion, embezzlement and disposition of monies and/or assets belonging to Plaintiff; fraudulent conveyances and fraudulent misuse of J-Ran Carriers, Inc. by Defendants, misappropriations, diversions, conversions and/or transfers of corporate revenues and/or assets and c) fraud, breach of fiduciary duties and flagrant abuse of a New York corporation. *See generally*, Verified Complaint.

10. The Supreme Court, Suffolk County (Lester E. Gerard, J.S.C.) held a detailed Inquest on December 1, 1997. *See* Inquest, **Exhibit F**. The Court heard the testimony of Plaintiff Philip Evans and examined evidence submitted, including copies of cancelled business checks, which demonstrated, *inter alia*, Defendants/Debtors' diversions of hundreds of thousands of dollars, within an approximately eighteen month period, from J-Ran Carriers, Inc. by the use of checks made directly payable to a check cashing company and signed by Defendant/Debtor Joyce Ottimo. *See*

3

Inquest, **Exhibit F**, at 14-21. Apparently, none of these monies were reported as income and certainly were unknown and went unreported to Mr. Evans, who fell victim to Defendants' fraud. *Id.* A special account was also set up for J-Ran Carriers, Inc. of which Mr. Evans was unaware, from which Defendants/Debtors also took money unreported to Mr. Evans, by making them payable to cash and/or check cashing companies. *Id.*, at 23-36. Both Defendants/Debtors were clearly involved in this scheme, inasmuch as the checks bore the signature of either Mr. Ottimo or Mrs. Ottimo. *Id.*, at 4-27.

11. After considering the testimony of Plaintiff Philip Evans, and viewing a sampling of evidence against Defendant/Debtors, the Supreme Court, Suffolk County entered judgment in the amount of $352,558 against all State action defendants, including the instant Debtors personally. *Id.*, at 29. The Court also awarded $50,000.00 in punitive damages and $1,275.00 in attorney's fees, due to the Court's finding that "there's been a very definite element of fraud and deceit in this matter." *Id.*, at 29.

12. Although Defendants/Debtors: a) were both properly served, with Mrs. Ottimo personally receiving four copies of the State action Summons and Complaint, and an additional copy was mailed to the Ottimo's known and admitted residence to complete service upon Mr. Ottimo; b) Mr. Ottimo subsequently visited Plaintiff's counsel's office to "resolve" the matter; c) Plaintiff's counsel mailed additional copies of the Summons and Complaint on July 3, 1997 to the Ottimo's known and admitted residence; d) Plaintiff's counsel mailed four copies of a Notice of Settlement of the Statement of Judgment for the eighth cause of action due to default on October 15, 1997; e) Plaintiff's counsel mailed an additional letter giving notice of the inquest on December 1, 1997; f) Plaintiff's counsel mailed four copies of a Notice of Settlement of the Statement of Judgment after the December 1, 1997 Inquest; g) the County of Nassau Sheriff's Department served an Income Execution upon Robinson Motor Xpress, Inc., a subsequent employer of Mr. Ottimo and/or a business he owned (*See* Sheriff's Certificate of Service, **Exhibit H**, at 1; compare signatures on

Declaration Concerning Debtor's Schedules **Exhibit H**, at 2 with UCC Financing Statement for Robinson Motor Xpress, Inc. **Exhibit H**, at 3), Defendants/Debtors took no action at all to avoid their defaults or vacate any default judgment entered against them by the Plaintiff in the State action.

| | |
|---|---|
| Dated: May 8, 2003<br>New York, New York | Respectfully submitted,<br><br>SOKOLSKI & ZEKARIA, P.C.<br>*Attorneys for Plaintiff Philip Evans*<br><br>S/Robert E. Sokolski<br>_____<br>ROBERT E. SOKOLSKI, ESQ. (RS 4835)<br>305 Broadway - Suite 402<br>New York, New York 10007<br>(212) 571-4080/4090 |