UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                  :
                                                        :     **Case No. 02-87442 mlc**
    RICHARD J OTTIMO                                  :
      and JOYCE A OTTIMO                             :     **Chapter 7**
                                                        :
------------------------------------------------------------------------x
PHILIP EVANS,                                           :
                                                        :
                                                        :
                     Plaintiff,          :
                                                        :
        -against-                                    :     **Adv. Proc. No. 03-8017-511**
                                                        :
RICHARD OTTIMO a/k/a RICHARD J. OTTIMO, :
    JOYCE A. OTTIMO a/k/a JOYCE OTTIMO a/k/a   :
JOYCE DECARLO-OTTIMO,                                   :
                                                        :
                     Defendants.         :
------------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**

**MOTION FOR SUMMARY JUDGMENT**


SOKOLSKI & ZEKARIA, P.C.
*Attorneys for Plaintiff*
305 Broadway - Suite 402
New York, New York 10007
(212) 571-4080/4090

# TABLE OF AUTHORITIES

## FEDERAL CASES

Allen v. McCurry,
    449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) ................................................................2

In re Bocker,
    123 B.R. 164 (E.D.N.Y. 1991) ..................................................................................................6

In re Cohoes Industrial Terminal, Inc.,
    70 B.R. 214 (S.D.N.Y. 1987) ....................................................................................................6

In re Lady Liberty Tavern Corp.,
    94 B.R. 912 (Bankr. S.D.N.Y. 1988) ........................................................................................6

Kelleran v. Andrijevic,
    825 F.2d 692 (2d Cir. 1987), *cert. denied*,
    484 U.S. 1007, 108 S. Ct. 701, 98 L. Ed. 2d 652 (1988) ..........................................2, 4, 6, 7

Margolis v. Nazareth Fair Grounds & Farmers Market,
    249 F.2d 221 (2d Cir. 1957) ......................................................................................................3

Muir v. Long Island Realty Funding Corp.,
    107 B.R. 13 (Bankr. E.D.N.Y. 1989) ....................................................................................5, 6

Perino v. Cohen,
    92 B.R. 54 (Bankr. S.D.N.Y. 1988) ..........................................................................................4

Spartz v. Cornell,
    178 B.R. 45 (D.Conn. 1995) .....................................................................................................5

Teachers Ins. & Annuity Ass'n of America v. Butler,
    803 F.2d 61 (2d Cir. 1986) ....................................................................................................5, 6

## STATE CASES

Amusement Business Underwriters v. American International Group,
    66 N.Y.2d 878, 498 N.Y.S.2d 760, 489 N.E.2d 729 (1985) .....................................................3

Metropolitan Property & Liability Insurance v. Cassidy,
    127 Misc. 2d 641, 486 N.Y.S.2d 843 (N.Y.Sup.Ct.1985) ........................................................3

Rocanova v. Equitable Life Assurance Society of the United States,
 83 N.Y.2d 603, 634 N.E.2d 940, 612 N.Y.S.2d 339 ................................................................4

Rokina Optical Co. v. Camera King, Inc.,
 63 N.Y.2d 728, 480 N.Y.S.2d 197, 469 N.E.2d 518 (1984) .....................................................3

Sterling Doubleday Enterprises, L.P. v. Marro,
 238 A.D.2d 502, 656 N.Y.S.2d 676 (2nd Dept. 1997) ..............................................................5

## STATUTES

11 U.S.C. §523 ........................................................................................................................1, 2, 6
11 U.S.C. §523(a)(2) .......................................................................................................................6
11 U.S.C. §523(a)(4) .......................................................................................................................6
11 U.S.C. §523(a)(6) .......................................................................................................................6

## MISCELLANEOUS

D. Siegel, New York Practice § 451 (1978) ....................................................................................5

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of the motion of Plaintiff Philip Evans ("Plaintiff") for summary judgment in this adversary proceeding and for an Order and Judgment finding, declaring and/or adjudicating that a judgment rendered by the New York State Supreme Court, County of Suffolk in favor of Plaintiff and against Defendants/Debtors Richard Ottimo a/k/a Richard J. Ottimo and Joyce A. Ottimo a/k/a Joyce DeCarlo Ottimo ("Defendants") on January 8, 1998, is nondischargeable and/or exempt from discharge pursuant to 11 U.S.C. §523 and specifically, 11 U.S.C. §523(a)(2), 11 U.S.C. §523(a)(4) and/or 11 U.S.C. §523(a)(6); estopping Defendants from denying or contesting the finding of fraud by New York State Supreme Court Justice Lester E. Gerard after inquest; according *res judicata*, *collateral estoppel* effect and full faith and credit to the state court judgment in favor of the Plaintiff against the Defendants.

## STATEMENT OF THE FACTS

Please refer to the Statement of Material Facts, Pursuant to Local Rule 7056-1 for a recitation of the facts relevant to the instant application.

## ARGUMENT

I.  **SUMMARY JUDGMENT OF NONDISCHARGEABILITY SHOULD BE GRANTED, AS THE DEFAULT JUDGMENT ENTERED AGAINST DEFENDANTS ON JANUARY 8, 1998 IN THE NEW YORK STATE SUPREME COURT, SUFFOLK COUNTY, AFTER INQUEST, PRECLUDES FURTHER INQUIRY.**

This Court must hold that the Default Judgment rendered against Defendants by the New York State Supreme Court, Suffolk County on January 8, 1998, is nondischargeable, as the State Court specifically found, after detailed inquest involving testimony and documentary evidence, that "it would appear there's been a very definite element of fraud and deceit in this matter." See Inquest, **Exhibit F**, at 29.

The fraud and deceit was based upon Defendants' numerous diversions and fraudulent conveyances of corporate funds away from the corporation, which maliciously deprived Plaintiff of his share of the corporation's profits, and constituted, *inter alia*, a conversion of same. Thus, the Defendants/Debtors are barred from discharging the January 8, 1998 Judgment pursuant to, *inter alia*, 11 U.S.C. §523, and specifically, 11 U.S.C. §523(a)(2), 11 U.S.C. §523(a)(4) and/or 11 U.S.C. §523(a)(6).

The Court of Appeals for the Second Circuit in *Kelleran v. Andrijevic*, 825 F.2d 692 (2d Cir. 1987), *cert. denied*, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988), held that a default judgment rendered after inquest was unassailable in Bankruptcy Court, stating:

> "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so...." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citing 28 U.S.C. § 1738 (1982)). Bankruptcy courts fall within Congress' mandate. *See, e.g., In the Matter of Farrell,* 27 B.R. 241, 243 (Bkrtcy.E.D.N.Y.1982). The bankruptcy court, therefore, was bound to give preclusive effect to the default judgment obtained in the state court by Eighteen Mile to the same extent as

> would a New York court.
>
> In New York, when a party defaults by failure to answer and the court orders an inquest as to damages, the defaulting litigant may not further contest the liability issues. *Amusement Business Underwriters v. American International Group,* 66 N.Y.2d 878, 498 N.Y.S.2d 760, 762, 489 N.E.2d 729, 731 (1985); *Rokina Optical Co. v. Camera King, Inc.,* 63 N.Y.2d 728, 480 N.Y.S.2d 197, 198-99, 469 N.E.2d 518, 519-20 (1984); *Metropolitan Property & Liability Ins. v. Cassidy,* 127 Misc.2d 641, 486 N.Y.S.2d 843, 847 (N.Y.Sup.Ct.1985). The bankruptcy court, therefore, was bound to the liability determinations in the state judgment unless an exception existed to prevent operation of the judgment's preclusive effect. Bankruptcy courts may look beyond a state court default judgment where the judgment was procured by collusion or fraud, *Margolis v. Nazareth Fair Grounds & Farmers Market,* 249 F.2d 221, 223-25 (2d Cir.1957), or where the rendering court lacked jurisdiction, *Heiser v. Woodruff,* 327 U.S. 726, 736, 66 S.Ct. 853, 858, 90 L.Ed. 970 (1946). *Id*, at 695.

In the subject Supreme Court litigation, Plaintiff asserted causes of action for, *inter alia*: a) Defendants' tortious interference with the contract between J-Ran Carriers, Inc. and Plaintiff, by transferring revenues and/or assets from the corporation to themselves and another corporation for the purpose of maliciously interfering with J-Ran Carriers, Inc. contractual duties owed to Plaintiff and depriving J-Ran Carriers, Inc. of the ability to fulfill its contractual duties to the Plaintiff, b) Richard Ottimo's conversion, embezzlement and disposition of monies and/or assets belonging to Plaintiff; fraudulent conveyances and fraudulent misuse of J-Ran Carriers, Inc. by Defendants, misappropriations, diversions, conversions and/or transfers of corporate revenues and/or assets and c) fraud, breach of fiduciary duties and flagrant abuse of a New York corporation.

After service upon Joyce DiCarlo-Ottimo at the Defendants' home address for all four parties (Defendants and two corporations), service of a Notice of Default with additional copies of pleadings on July 3, 1997, service of a Notice of Settlement on October 15, 1997, and notification to Defendants of the date of inquest on December 1, 1997, the Court conducted an inquest on

December 1, 1997 and granted the complaint in its entirety, specifically finding: "it would appear there's been a very definite element of fraud and deceit in this matter." The Supreme Court awarded a total judgment of $402,558.00, which included $50,000.00 in punitive damages. Together with taxable costs and attorney's fees, a total judgment of $406,263.00 was entered on January 8, 1998.

Notably, the Supreme Court's award of $50,000.00 in punitive damages due to the "very definite element of fraud and deceit in this matter," shows, indisputably, that the Court necessarily decided the issue of fraud, as a mere breach of contract would never give rise to punitive damages. *See e.g., Rocanova v. Equitable Life Assurance Society of the United States*, 83 N.Y.2d 603, 613, 634 N.E.2d 940, 943, 612 N.Y.S.2d 339, 342 ("Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights.")

The Supreme Court's January 8, 1998 Judgment is entitled to *res judicata* and *collateral estoppel* effect. *Kelleran, supra*, at 695. In the Second Circuit, "the bankruptcy courts have 'uniformly applied' the doctrine of collateral estoppel to dischargeability proceedings." *Perino v. Cohen*, 92 B.R. 54 (Bankr. S.D.N.Y. 1988)(citing *Matter of Esposito,* 44 B.R. at 823; *e.g., Matter of Herman,* 6 B.R. 352, 359-60 (S.D.N.Y.1980); *In re Stone,* 90 B.R. 71 (Bankr.S.D.N.Y.1988); *In re Graziano,* 35 B.R. 589, 594 (Bankr.E.D.N.Y.1983); *In re Spector,* 22 B.R. 226, 231 (Bankr.N.D.N.Y.1982); *In re Sloan,* 18 B.R. 1021, 1023 (Bankr.E.D.N.Y.1982); *In re Supple,* 14 B.R. 898, 903 (Bankr.D.Conn.1981); *In re Iannelli,* 12 B.R. 561, 563 (Bankr.D.Conn.1981); *Matter of Allen,* 3 B.R. 355, 357-58 (Bankr.W.D.N.Y.1980).) Moreover, collateral estoppel applies to default judgments under New York law. *Cohen, supra*, at 67 (citing D. SIEGEL, NEW YORK PRACTICE § 451, at 597-98 (1978) and *In re Iannelli*, 12 B.R. 561, 563, n.6 (Bankr.D.Conn.1981)); *see also Sterling Doubleday Enterprises, L.P. v. Marro*, 238 A.D.2d 502, 503, 656 N.Y.S.2d 676, 677 (2nd Dept. 1997)("a default judgment bars the litigation of issues that were, or could have been, determined in the prior action [citations omitted].")

At inquest in the State action, Plaintiff was specifically requested to provide proof of

4

"various claims of fraud, conversion, embezzlement and the like . . .." Inquest, **Exhibit F**, at 14. The Supreme Court, Suffolk County heard testimony and considered evidence on these precise claims.

The Court's specific finding of that "it would appear there's been a very definite element of fraud and deceit in this matter," is conclusive as to the issue of dischargeability, and precludes any attempt by Defendants to relitigate such issues in these bankruptcy proceedings. *See e.g., Spartz v. Cornell*, 178 B.R. 45 (D.Conn. 1995)(finding determination of fraud conclusive as to issue of dischargeability of debt, barring by collateral estoppel debtor's attempt to relitigate and granting summary judgment that state court judgment was nondischargeable.)

Moreover, the State Court Judgment of January 8, 1998 is entitled to Full Faith and Credit. *See, Muir v. Long Island Realty Funding Corp.*, 107 B.R. 13, 16 (Bankr. E.D.N.Y. 1989)(citing *Kelleran, supra.*, at 695 [refusing to consider merits of state claims even where claims seemed doubtful, stating "that Bankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction,"]; *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 66 (2d Cir. 1986); *In re Lady Liberty Tavern Corp.*, 94 B.R. 912 (Bankr. S.D.N.Y. 1988)(reversing Bankruptcy Court's failure to give judgment of possession preclusive effect, and chastising the Bankruptcy Court for pursuing inquiry into the facts of a case previously heard and decided by the State Court.); and *In re Cohoes Industrial Terminal, Inc.*, 70 B.R. 214, 218 (S.D.N.Y. 1987)(holding State Court default judgment terminating debtor's leasehold interest in apartment had preclusive effect).)

A Bankruptcy Court "could look beyond a default judgment only where the judgment was procured by fraud (citations omitted) or where the rendering court lacked jurisdiction over the subject matter (citations omitted)." *Muir, supra*, at 17 (citing *Kelleran, supra.*)

Finally, in the interests of comity, this Court should abstain from making the decision "as to the validity of the State Court default judgment." *Id.* Rather, the Defendants "should have attacked these claims in the state court." *Kelleran, supra.*, at 695; *see also In re Bocker*, 123 B.R. 164, 165

5

(E.D.N.Y. 1991)(Wexler, J.); *Lady Liberty, supra*, at 816.

## CONCLUSION

Plaintiff is entitled to summary judgment declaring that the January 8, 1998 Judgment of the Supreme Court, Suffolk County in his favor and against Defendants/Debtors is nondischargeable, pursuant to 11 U.S.C. §523 and specifically, 11 U.S.C. §523(a)(2), 11 U.S.C. §523(a)(4) and/or 11 U.S.C. §523(a)(6).

This Court should reject any attempt(s) by Defendants to belatedly re-litigate the causes of action and issues determined by the Supreme Court, Suffolk County. Defendants were served with notice of the lawsuit and additional copies of same, separate notices of settlement and inquest, and an income execution by the Sheriff's Department. Clearly, Defendants had knowledge of the judgments entered against them. In fact, Plaintiff was listed and notified of Defendants' bankruptcy as a judgment creditor. Nevertheless, Defendants/Debtors never made any efforts to appear and/or defend the State action six years ago, and never made any effort to be relieved of their default or vacate the judgments entered against them. *Kelleran, supra*, mandates that Defendants/Debtors' must have applied for relief in the Supreme Court, Suffolk County, and that the instant bankruptcy proceeding is, emphatically, not an opportunity to re-litigate the findings in the State action after detailed inquest.

For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant his instant application in its entirety and award Plaintiff such other and further relief that this Court deems just, equitable and proper.

Dated: May 8, 2003  
New York, New York

Respectfully submitted,

SOKOLSKI & ZEKARIA, P.C.  
*Attorneys for Plaintiff Philip Evans*

S/Robert E. Sokolski

_____  
ROBERT E. SOKOLSKI, ESQ. (RS 4835)

6

305 Broadway - Suite 402
New York, New York 10007
(212) 571-4080/4090